ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

ERIC A. SEITZ              1412
LAWRENCE I. KAWASAKI       5820
DELLA A. BELATTI           7945
820 Mililani Street, Suite 714
Honolulu, Hawaii  96813
Telephone:    (808) 533-7434
Facsimile:    (808) 545-3608

Attorneys for Plaintiff

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 18 2008

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANE DOE, | CIVIL NO. CV08 00517 |
| Plaintiff, | COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL; SUMMONS |
| vs. | |
| UNITED STATES OF AMERICA; MARKELL MILSAP; AND DOE DEFENDANTS 1-10, | |
| Defendants. | |

COMPLAINT FOR DAMAGES

Plaintiff JANE DOE (hereinafter "Plaintiff"), by and through her undersigned attorneys, alleges and avers as follows:

1. Plaintiff is and was, at all times relevant, a resident of the State of Hawaii.

2. Defendant UNITED STATES OF AMERICA is a sovereign that has waived its immunity for certain claims, including the

claims set forth herein, and is liable for the acts of its employees and servants.

3.  Defendant MARKELL MILSAP (hereinafter "Milsap") is and was a resident of Hawaii and was employed by the United States Government and the United States Department of Justice, Federal Bureau of Prisons, at all times pertinent hereto.

4.  DOE DEFENDANTS 1-10 (hereinafter "Doe Defendants") are individuals whose true identities and capacities are as yet unknown to the Plaintiffs and their counsel, despite diligent inquiry and investigation, and who are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages, as herein alleged, were proximately caused by their conduct. The true names and capacities of the Doe Defendants will be substituted as they become known. Plaintiff is informed and believes and therefore alleges that at all times herein mentioned, Doe Defendants, were the agents, servants and employees of each of the other Defendants herein, and were acting with the permission and consent and within the course and scope of said agency and employment.

5.  On or about September 28, 2007, Milsap, acting within the course and scope of his employment for the United States of America and the Federal Bureau of Prisons, sexually assaulted the Plaintiff.

6. At all times relevant, Plaintiff was an inmate at the Federal Detention Center in Honolulu, Hawaii, and Milsap was an electrician or other type of prison employee.

7. Plaintiff did not and could not consent to the aforesaid sexual assault.

8. At all times relevant, Defendant United States of America, through the Federal Bureau of Prisons, knew or should have known of the aforesaid sexual assault yet failed to take any remedial steps to stop said assault and/or to protect the Plaintiff.

9. Pursuant to the Federal Tort Claims Act a written claim was issued to the Federal Bureau of Prisons on or about April 30, 2008.

10. The requisite time for the federal agencies to respond to the demand pursuant to the Federal Tort Claims Act has expired, and Plaintiff is entitled to bring her claim in this Court.

11. Jurisdiction is proper in this forum pursuant to 28 U.S.C. 1346 and 28 U.S.C. 2671, et seq. Venue is proper in this forum pursuant to 28 U.S.C. 1329, et seq.

## COUNT I

12. Plaintiff hereby realleges and incorporates all of the allegations contained in Paragraphs 1 through 11, above.

13. Plaintiff's civil rights were violated by the conduct of Defendant Milsap who acted within the course and scope of his authority as an employee of the Federal Bureau of Prisons and Defendant United States of America, and as a direct and proximate result thereof Plaintiff has sustained substantial general and special damages in amounts to be proven at trial.

## COUNT II

14. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 13, above.

15. The United States of America and the Federal Bureau of Prisons negligently supervised Defendant Milsap, and as a direct and proximate result thereof Plaintiff has sustained substantial general and special damages in amounts to be proven at trial.

## COUNT III

16. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 15, above.

17. The Federal Bureau of Prisons negligently hired and/or retained Defendant Milsap, and as a direct and proximate result thereof, Plaintiff has sustained substantial general and special damages in amounts to be proven at trial.

## COUNT IV

18. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 17, above.

19. The Federal Bureau of Prisons negligently supervised the inmate population to ensure inmate safety, and as a direct and proximate result of said negligence Plaintiff has sustained substantial general and special damages in amounts to be proven at trial.

## COUNT V

20. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 19, above.

21. The Federal Bureau of Prisons negligently failed to equip and staff the Federal Detention Center to ensure inmate safety, and as a direct and proximate result of said negligence Plaintiff has sustained substantial general and special damages in amounts to be proven at trial.

## COUNT VI

22. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 21, above.

23. Defendant Milsap intentionally made offensive physical contact on Plaintiff's person without her consent, and as a direct and proximate result of said battery Plaintiff has sustained substantial general, special, and punitive damages in amounts to be proven at trial.

### COUNT VII

24. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 23, above.

25. Defendant Milsap threatened Plaintiff to engage in an imminent battery without Plaintiff's consent, and as a direct and proximate result of said assault Plaintiff has sustained substantial general, special, and punitive damages in amounts to be proven at trial.

### COUNT VIII

26. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 25, above.

27. Defendant Milsap intentionally caused Plaintiff to sustain serious emotional distress, and as a direct and proximate result thereof Plaintiff has sustained substantial general, special, and punitive damages in amounts to be proven at trial.

## COUNT IX

28. Plaintiff hereby realleges and incorporates all of the above allegations contained in Paragraphs 1 through 21, above.

29. Defendants Milsap and the United States of America negligently caused Plaintiff to sustain serious emotional distress, and as a direct and proximate result thereof, Plaintiff has sustained substantial general and special damages in amounts to be proven at trial.

WHEREFORE, Plaintiff prays for relief as follows:

1. That judgment be entered in Plaintiff's favor on each count of the Complaint;

2. For general damages according to the proof thereof at trial;

3. For special damages according to the proof thereof at trial;

4. For punitive damages against Milsap and certain Doe Defendants;

5. For reimbursement of their costs and expenses herein, including reasonable provision for their attorneys' fees; and

6. For such further and additional relief as the Court deems appropriate and just.

DATED:   Honolulu, Hawaii,   NOV 1 8 2008   .

_____
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Plaintiff