IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JANE DOE, | ) | CV. NO. 08-00517 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANT |
| | ) | UNITED STATES' MOTION TO |
| vs. | ) | DISMISS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S</u>
<u>MOTION TO DISMISS</u>

Before the Court is Defendant United States' (the "United States")

Motion to Dismiss.  (Doc. # 48.)  The Court heard the motion on April 15, 2010.

After careful consideration of the motion, the supporting and opposing

memoranda, and the arguments of counsel, the Court GRANTS the United States'

Motion to Dismiss.  The Court, however, GRANTS Plaintiff Jane Doe ("Plaintiff")

leave to amend her following claims against the United States: negligent

supervision of the inmate population (Count 4), negligent supervision of Markell

Milsap ("Milsap") (Count 2), and negligent hiring and/or retention of Milsap

(Count 3).

FACTUAL BACKGROUND

On November 18, 2008, Plaintiff filed a complaint against the United

States and Milsap.  (Doc. # 1.)  Plaintiff's complaint states that during the time period alleged, she was an inmate at the Federal Detention Center in Honolulu, Hawaii ("FDC"), and Milsap was employed as an electrician by the United States and the Federal Bureau of Prisons (the "BOP").  (Compl. ¶¶ 3, 6.)  Plaintiff's complaint alleges that on or about September 28, 2007, Milsap sexually assaulted her while he was acting within the scope of his employment with the United States and the BOP.  (Id. ¶ 5.)  Plaintiff's complaint alleges that the United States, through the BOP, knew or should have known of the sexual assault, yet failed to take any remedial steps to stop it or to protect Plaintiff.  (Id. ¶ 8.)  Milsap later entered into a pre-indictment plea agreement and was sentenced to eighteen months in a federal prison.  (Doc. # 36 at 3.)

On September 18, 2009, Plaintiff and Milsap entered into a Settlement and Release Agreement.  (Id. at 9-10.)  Pursuant to a Stipulation for Dismissal filed November 12, 2009, Milsap was dismissed from this action.  (Doc. # 35.)  Milsap later moved for approval of good faith settlement.  (Doc. # 36.)  By Order dated December 18, 2009, this Court approved the settlement as having been made in good faith.  (Doc. # 46.)

On February 26, 2010, the United States filed a motion to dismiss this action under the Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6).

2

(Doc. # 48.)  On March 25, 2010, Plaintiff filed her opposition, and on April 1, 2010, the United States filed its reply.  (Docs. ## 50, 51.)

<u>STANDARD OF REVIEW</u>

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted.  Fed. R. Civ. P. 12(b)(1).  "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 506 (2006) (citation omitted).  A Rule 12(b)(1) challenge may be made on the face of the complaint or by relying on affidavits or any other evidence properly before the court.  <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003); <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201 (9th Cir. 1989).  The plaintiff must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction."  <u>St. Clair</u>, 880 F.2d at 201.  The plaintiff has the burden of proof that jurisdiction exists.  <u>Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979) (citation omitted).

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim."  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal

3

theory or (2) insufficient facts alleged under a cognizable legal theory.  Id. (citing

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).  Because a

Rule 12(b)(6) motion to dismiss focuses on the sufficiency of a claim statement,

review is limited to the face of the complaint.  Lee v. City of Los Angeles,

250 F.3d 668, 688 (9th Cir. 2001) (citation omitted); Clegg v. Cult Awareness

Network, 18 F.3d 752, 754 (9th Cir. 1994) (citations omitted).  The court must

accept "all allegations of material fact as true and construe them in a light most

favorable to the [plaintiff]."  Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480,

1484 (9th Cir. 1995) (citation omitted).  The court, however, "is not required to

accept legal conclusions cast in the form of factual allegations if those conclusions

cannot reasonably be drawn from the facts alleged."  Clegg, 18 F.3d at 754-55

(citations omitted).

As to the plaintiff's pleading burden, the Supreme Court has held that

while a complaint "does not require 'detailed factual allegations,' . . . it demands

more than an unadorned, the defendant-unlawfully-harmed-me accusation."

Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A complaint that offers no more

than "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action will not do . . . ."  Twombly, 550 U.S. at 555 (citation omitted).  Nor will

4

a complaint that tenders mere "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557) (alteration in original).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

## DISCUSSION

The United States moves to dismiss the remaining claims in this action pursuant to Rules 12(b)(1) and 12(b)(6).  These include claims against the United States for the following: the conduct of Milsap while he was acting within

the scope of his employment (Count 1), negligent failure to equip and staff the

FDC (Count 5), negligent supervision of the inmate population (Count 4),

negligent supervision of Milsap (Count 2), negligent hiring and/or retention of

Milsap (Count 3), and negligent infliction of emotional distress (Count 9).  With

the above-mentioned standards of review in mind, the Court addresses Plaintiff's

claims in turn.

I.           <u>Plaintiff's Claim for the Conduct of Milsap (Count 1)</u>

Plaintiff's complaint alleges that Milsap sexually assaulted her while

he was acting within the scope of his employment with the United States and the

BOP.  (Compl. ¶ 13.)  The United States moves to dismiss Plaintiff's claim that it

is liable for Milsap's conduct under the Federal Tort Claims Act ("FTCA").

(Mem. in Supp. of Mot. at 3-5.)  The United States argues that Milsap was not

acting within the scope of his employment at the time the conduct occurred and

thus, this Court lacks subject matter jurisdiction over said claim.  (<u>Id.</u> at 5.)

"Sovereign immunity is an important limitation on the subject matter

jurisdiction of federal courts."  <u>Vacek v. U.S. Postal Serv.</u>, 447 F.3d 1248, 1250

(9th Cir. 2006).  "The United States, as sovereign, can only be sued to the extent it

has waived its sovereign immunity."  <u>Id.</u>  The FTCA is such a waiver.  <u>Foster v.</u>

<u>United States</u>, 522 F.3d 1071, 1074 (9th Cir. 2008).  It authorizes suits against the

6

United States for "personal injury . . . caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his

. . . employment . . . ."  28 U.S.C. § 1346(b)(1).  To determine whether a federal

employee was acting within the scope of his employment at the time of the injury,

the court is to look to the principles of respondeat superior as articulated by the law

of the state in which the act or omission occurred.  Clamor v. United States, 240

F.3d 1215, 1217 (9th Cir. 2001) (citation omitted).  Thus, in this case, the Court

looks to Hawaii law.

      Hawaii courts follow the Restatement (Second) of Agency § 228.

Wong-Leong v. Hawaiian Indep. Refinery, Inc., 76 Haw. 433, 438, 879 P.2d 538,

543 (1994).  Section 228 provides that an employee's conduct is within the scope

of his employment only if:

> (a)    it is of the kind he is employed to perform;
>
> (b)    it occurs substantially within the authorized time and
> space limits; [and]
>
> (c)    it is actuated, at least in part, by a purpose to serve the
> master . . . .

Id. (citation omitted, alteration in original).  Section 228 further provides that an

employee's conduct is not within the scope of his employment if "it is different in

kind from that authorized, far beyond the authorized time or space limits, or too

little actuated by a purpose to serve the master." Id. (citation omitted).  Whether an

employee was acting within the scope of his employment is "ordinarily a question

of fact to be determined in light of the evidence of the particular case." Id. at 441,

879 P.2d at 546 (citation omitted).  However, "where the facts are susceptible of

but one reasonable conclusion, the question may become a question of law for the

court." Kang v. Charles Pankow Assocs., 5 Haw. App. 1, 8, 675 P.2d 803, 808

(1984).

The Court concludes that based on the factors set forth above,

Milsap's commission of sexual assault was outside the scope of his employment.

Such conduct was not of the kind for which he was employed to perform as an

electrician, and it was by no means actuated by a purpose to serve the United States

or the BOP.  See Ho-Ching v. City & County of Honolulu, Civ. No. 07-00237

DAE-KSC, 2009 WL 1227871, at *13 (D. Haw. Apr. 29, 2009) (holding that under

Hawaii law, sexual assault and sexual harassment by a police officer were outside

the scope of employment).  Accordingly, the Court does not have subject matter

jurisdiction over Plaintiff's claim that the United States is liable for Milsap's

conduct.  The United States' Motion to Dismiss with respect to this claim is

therefore GRANTED pursuant to Rule 12(b)(1).

II.        Plaintiff's Claim for Negligent Failure to Equip and Staff the FDC
           (Count 5)

Plaintiff's complaint alleges that the BOP negligently failed to equip and staff the FDC to ensure inmate safety.  (Compl. ¶ 21.)  The United States moves to dismiss this claim for lack of subject matter jurisdiction pursuant to the discretionary function exception to the FTCA.  (Mem. in Supp. of Mot. at 5-10.)

As mentioned above, the FTCA waives the Government's sovereign immunity for certain torts committed by federal employees while acting within the scope of their employment.  28 U.S.C. § 1346(b)(1); see also Alfrey v. United States, 276 F.3d 557, 561 (9th Cir. 2002).   In those cases, the Government is held liable "in the same manner and to the same extent as a private individual under like circumstances . . . ."  28 U.S.C. § 2674.  This waiver, however, is limited.  Alfrey, 276 F.3d at 561 (citation omitted).  Title 28 U.S.C. § 2680(a) provides that the FTCA does not waive immunity for any claim that is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  This discretionary function exception to the FTCA "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals."  Berkovitz v. United States, 486 U.S. 531, 536 (1988) (quoting United States v. Varig Airlines, 467 U.S. 797, 808 (1984))

(quotations omitted).

To determine whether the discretionary function exception bars a particular claim, the court must apply a two-part test. <u>Alfrey</u>, 276 F.3d at 561 (citing <u>Sigman v. United States</u>, 217 F.3d 785, 793 (9th Cir. 2000)).  First, the court must decide "whether the challenged conduct is discretionary, that is, whether it 'involv[es] an element of judgment or choice.'"  <u>Id.</u> (quoting <u>Fang v. United States</u>, 140 F.3d 1238, 1241 (9th Cir. 1998)) (alteration in original).  This requirement is not met if "a federal statute, regulation or policy specifically prescribes a course of action for an employee to follow."  <u>Id.</u> (quoting <u>Fang</u>, 140 F.3d at 1241) (quotations omitted).

Second, if the challenged conduct is discretionary, the court "must determine whether that judgment is of the kind that the discretionary function exception was designed to shield."  <u>Id.</u> (quoting <u>Berkovitz</u>, 486 U.S. at 536) (quotations omitted).  The purpose of the discretionary function exception is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort."  <u>Berkovitz</u>, 486 U.S. at 536-37 (quoting <u>Varig Airlines</u>, 467 U.S. at 814) (quotations omitted).  Thus, the discretionary function exception protects only governmental decisions that involve considerations of public policy.  <u>Id.</u> at 537.

"It is not necessary for the [G]overnment to prove a conscious decision based on a policy analysis." Weissich v. United States, 4 F.3d 810, 813 (9th Cir. 1993) (citation omitted).  "It is enough that the choice is one to which a policy analysis may apply." Id. (citation omitted).

If the discretionary function exception applies to a particular claim, the court lacks subject matter jurisdiction over that claim and the claim must be dismissed pursuant to Rule 12(b)(1).  Bibeau v. Pac. Nw. Research Found., Inc., 339 F.3d 942, 945 (9th Cir. 2003).  While the burden of proving the applicability of the discretionary function exception falls on the Government, the "'plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss.'" Doe v. Holy See, 557 F.3d 1066, 1084 (9th Cir. 2009) (quoting Prescott v. United States, 973 F.2d 696, 702 & n.4 (9th Cir. 1992)).

A.   Discretion

Applying the first prong of the two-part test, the question, as set forth above, is whether there is a federal statute, regulation, or policy that specifically prescribes a course of action for the BOP to follow when equipping and staffing the FDC.  Plaintiff points to 18 U.S.C. § 4042, which states that the BOP shall "provide for the safekeeping, care . . . [and] protection of all persons charged with

or convicted of offenses against the United States . . . ."  (Opp'n at 9 (quoting

18 U.S.C. § 4042).)  Plaintiff also points to the BOP Program Statement, which

states that employees "are required to remain fully alert and attentive during duty

hours" and "may not engage in, or allow another person to engage in, sexual

behavior with an inmate."  (Id. at 9-10; Opp'n Ex. 4 at 8-9.)

        The Court concludes that the foregoing do not specifically prescribe a

course of action for the BOP to follow as to staffing and equipping.  While

18 U.S.C. § 4042 requires the BOP to "provide for the safekeeping, care . . . [and]

protection" of inmates, this statute sets forth no particular conduct in which the

BOP must engage.  See, e.g., Calderon v. United States, 123 F.3d 947, 950

(7th Cir. 1997) ("While it is true that [18 U.S.C. § 4042] sets forth a mandatory

duty of care, it does not, however, direct the manner by which the BOP must fulfill

this duty."); Sears v. United States, No. C04-2511-RSM-JPD, 2007 WL 527500, at

*6 (W.D. Wash. Feb. 14, 2007) ("Although the [BOP] has the nondelegable duty to

'provide for the safekeeping' of inmates, 18 U.S.C. § 4042, this statute 'sets forth

no particular conduct the BOP personnel should engage in or avoid while

attempting to fulfill their duty to protect inmates.'") (citation omitted).  The same

is true for the BOP Program Statement's policy that "employees are required to

remain fully alert and attentive during duty hours."  As to the BOP Program

Statement's policy that "employee[s] may not engage in, or allow another person to engage in, sexual behavior with an inmate," such policy is not specific as to staffing and equipping.

Because Plaintiff has failed to point to any federal statute, regulation, or policy that specifically prescribes a course of action for the BOP to follow as to staffing and equipping, the challenged conduct involves an element of judgment or choice and therefore, is discretionary.

B.   <u>Policy Considerations</u>

The next prong of the two-part test is whether the judgment or choice exercised is of the kind the discretionary function exception was designed to shield, that is, whether it involves considerations of public policy.  <u>Berkovitz</u>, 486 U.S. at 536-37.  Courts have held that "decisions as to the day-to-day security needs of a prison . . . are judgment calls . . . based on policy determinations that seek to accommodate 'safety [goals] and the reality of finite agency resources.'" <u>Mitchell v. United States</u>, 149 F. Supp. 2d 1111, 1114 (quoting <u>Varig Airlines</u>, 467 U.S. at 820); <u>see also</u> <u>Sears</u>, 2007 WL 527500, at *7 (holding that decisions as to inmate security "implicate Congress' policy decision to allow the BOP to choose the appropriate means of supervising and protecting inmates"); <u>Calderon</u>, 123 F.3d at 951 (holding that "balancing the need to provide inmate security with

the rights of the inmates to circulate and socialize within the prison involves

considerations based upon public policy").  Because the day-to-day security needs

of a prison necessarily involve decisions as to staffing and equipping, the Court

concludes that said decisions are at the very least, susceptible to a policy analysis.

As mentioned above, it is not necessary for the United States to "prove a conscious

decision based on a policy analysis." Weissich, 4 F.3d at 813 (citation omitted).  It

is enough that the decisions are ones to which a policy analysis may apply.  Id.

(citation omitted).

In sum, the Court concludes that (1) the BOP's staffing and equipping

of the FDC are discretionary and (2) any judgment or choice exercised is of the

kind the discretionary function exception was designed to shield.  Accordingly,

staffing and equipping are protected by the discretionary function exception to the

FTCA even if the United States abused its discretion or was negligent in the

performance of its discretionary functions.  Calderon, 123 F.3d at 951.  The United

States' Motion to Dismiss with respect to this claim is therefore GRANTED for

lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

III.        Plaintiff's Claims for Negligent Supervision of the Inmate Population
            (Count 4), Negligent Supervision of Milsap (Count 2), and Negligent
            Hiring and/or Retention of Milsap (Count 3)

Plaintiff's complaint alleges that the United States and the BOP

negligently supervised the inmate population, negligently supervised Milsap, and

negligently hired and/or retained Milsap.  (Compl. ¶¶ 15, 17, 19.)  The United

States moves to dismiss these claims pursuant to Rule 12(b)(6) for failure to state a

claim upon which relief can be granted.[1]  (Mem. in Supp. of Mot. at 11-12;

Reply at 7-9.)  The United States argues that although Plaintiff's complaint need

only contain "'a short and plain statement of the claim showing that [she] is

entitled to relief,'" the factual allegations contained therein must raise her right to

relief above the speculative level.  (Mem. in Supp. of Mot. at 11 (quoting Fed. R.

Civ. P. 8(a)(2).)  The United States argues that as to Plaintiff's above-mentioned

claims, the factual allegations contained in Plaintiff's complaint fail to meet this

threshold.  (Id. at 11-12; Reply at 7-9.)

      As stated above, a complaint, to survive a Rule 12(b)(6) motion to

dismiss, must contain "enough facts to state a claim to relief that is plausible on its

face."  Twombly, 550 U.S. at 570.  A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

---

[1] As to Plaintiff's claim for negligent supervision of the inmate population,
the United States also moves to dismiss this claim for lack of subject matter
jurisdiction pursuant to Rule 12(b)(1).  (Mem. in Supp. of Mot. at 9-10.)  However,
because the Court dismisses this claim pursuant to Rule 12(b)(6), as set forth
below, the Court declines to address the United States' Rule 12(b)(1) argument.

at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).  In this case, Plaintiff's complaint

alleges that the United States and the BOP employed Milsap as an electrician.

(Compl. ¶¶ 3, 6.)  The complaint further alleges that on or about

September 28, 2007, Milsap sexually assaulted Plaintiff, an inmate at the FDC,

while he was acting within the scope of his employment with the United States and

the BOP.  (<u>Id.</u> ¶ 5.)  The complaint alleges that the United States, through the BOP,

knew or should have known of the sexual assault, yet failed to take any remedial

steps to stop it or to protect Plaintiff.  (<u>Id.</u> ¶ 8.)

        The Court concludes that the foregoing is insufficient to allow the

Court to draw a reasonable inference that the United States is liable for the

negligent supervision of the inmate population, the negligent supervision of

Milsap, or the negligent hiring and/or retention of Milsap.  Much of the foregoing

is no more than mere "'naked assertion[s]' devoid of 'further factual

enhancements.'"  <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting <u>Twombly</u>, 550 U.S. at 557)

(alteration in original).  Plaintiff, in her memorandum in opposition to the instant

motion, alleges facts describing the involvement of Officer Jeffrey Kalani Cruz.

(Opp'n at 2-4, 6-10.)  However, as mentioned above, because a Rule 12(b)(6)

motion to dismiss focuses on the sufficiency of a claim statement, review is limited

to the face of the complaint.  <u>Lee</u>, 250 F.3d at 688 (citation omitted); <u>Clegg</u>, 18

F.3d at 754 (citations omitted).  Because as to the above-mentioned claims,

Plaintiff's complaint does not contain enough facts to state a claim for relief

against the United States that is plausible on its face, the United States' Motion to

Dismiss as to these claims is GRANTED pursuant to Rule 12(b)(6).  The Court,

however, GRANTS Plaintiff leave to amend these claims.  See DeSoto v. Yellow

Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (noting that leave to amend

should be denied only if "the court determines that the allegation of other facts

consistent with the challenged pleading could not possibly cure the deficiency")

(citation and quotations omitted).

IV.        Plaintiff's Claim for Negligent Infliction of Emotional Distress
           (Count 9)

           Plaintiff's complaint alleges that the United States "negligently caused

Plaintiff to sustain serious emotional distress . . . ."  (Compl. ¶ 29.)  The United

States contends that this claim is not an independent cause of action, but rather, it

is a claim for damages.  (Mem. in Supp. of Mot. at 12.)  The United States thus

contends that should the Court dismiss the foregoing claims against the United

States, Plaintiff's claim for damages must also be dismissed.  (Id.; Reply at 11.)

           Plaintiff does not dispute the United States' contentions.  The Court

therefore construes this claim as a claim for damages.  Because this Order

dismisses all of the claims against the United States, the United States' Motion to

dismiss with respect to this claim is GRANTED.

CONCLUSION

In accordance with the foregoing, the Court GRANTS the United States' Motion to Dismiss as to Counts 1 and 5 of Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).  The Court GRANTS the United States' Motion to Dismiss as to Counts 2, 3, and 4 of Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).  Because the foregoing disposes of all of the remaining claims against the United States, the Court GRANTS the United States' Motion to Dismiss as to Count 9 as this count is a claim for damages.  The Court, however, GRANTS Plaintiff leave to amend Counts 2, 3, and 4.  Plaintiff has twenty (20) days after this Order is entered on the docket to file an amended complaint.  This Order is considered "entered" on the date set forth in the Notice of Electronic Filing.  Failure to file an amended complaint in a timely manner will result in automatic dismissal of this action.  Should Plaintiff file an amended complaint, any cause of action not raised in the amended complaint is waived.  King v. Attiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS SO ORDERED.

18

DATED:  Honolulu, Hawaii, May 10, 2010.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Doe v. United States of America</u>, Civ. No. 08-00517 BMK; ORDER GRANTING
DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS.