IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JANE DOE, | ) | CV. NO. 08-00517 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | OBJECTION TO DEFENDANTS' |
| vs. | ) | BILL OF COSTS |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| JEFFREY KALANI CRUZ; and | ) | |
| DOE DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S OBJECTION TO DEFENDANTS'
BILL OF COSTS

Before the Court is Plaintiff Jane Doe's ("Plaintiff") Objection to Defendants' Bill of Costs. (Docs. ## 101, 103.) Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii, the Court elects to decide this matter without a hearing. After careful consideration of the parties' submissions and the relevant legal authority, the Court GRANTS Plaintiff's Objection and DENIES Defendants' Bill of Costs.

The parties are familiar with the facts of this case. The Court therefore repeats only those facts that are relevant to the disposition of the instant matter. This action arises out of a sexual assault on Plaintiff while she was an

inmate at the Federal Detention Center in Honolulu, Hawaii ("FDC").  (SAC ¶¶ 5, 14.)  The sexual assault was committed by Markell Milsap, who was employed as an electrician by the United States of America ("United States") and the Federal Bureau of Prisons ("BOP").  (Id. ¶¶ 6, 14.)  Plaintiff filed a complaint against Milsap and the United States on November 18, 2008.  (Doc. # 1.)  Plaintiff and Milsap later entered into a settlement and release agreement, and Milsap was dismissed from the action.  (See Doc. # 35; see also Doc. # 36 at 9-10.)

On February 26, 2010, the United States moved to dismiss the remaining claims in the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").  (Doc. # 48.)  The remaining claims were against the United States for the following:  the conduct of Milsap while he was acting within the scope of his employment (Count I); negligent supervision of Milsap (Count II); negligent hiring and/or retention of Milsap (Count III); negligent supervision of the inmate population (Count IV); negligent failure to equip and staff the FDC (Count V); and negligent infliction of emotional distress (Count IX).  The Court heard the United States' motion to dismiss, and on May 10, 2010, the Court issued an order granting the motion.  (Docs. ## 52, 55.)  The Court, however, granted Plaintiff leave to amend her complaint.  (Doc. # 55 at 18.)

Plaintiff amended her complaint, and on October 22, 2010, the parties stipulated to the filing of a second amended complaint ("SAC"). (Docs. ## 56, 77.) The SAC named as Defendants, the United States and Jeffrey Kalani Cruz (collectively "Defendants"). (SAC ¶¶ 2, 3.) The SAC asserted seven claims against Defendants. Count I asserted a <u>Bivens</u> claim against Cruz for violation of Plaintiff's Eighth Amendment rights. (<u>Id.</u> ¶ 22.) Counts II through VII asserted claims against the United States for the following: negligent hiring, training, and/or retention of Milsap (Count II); negligent supervision of Milsap (Count III); negligent hiring, training, and/or retention of Cruz (Count IV); negligent supervision of Cruz (Count V); negligent supervision of the inmate population (Count VI); and negligent infliction of emotional distress (Count VII). (<u>Id.</u> ¶¶ 24, 26, 28, 30, 32, 34.)

On November 5, 2010, Defendants moved to dismiss Plaintiff's SAC pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. # 79.) The Court heard Defendants' motion to dismiss, and on January 24, 2011, the Court issued an order granting the motion. (Docs. ## 94, 96.) Judgment was entered in favor of Defendants and against Plaintiff pursuant to the Court's order granting Defendants' motion to dismiss on January 27, 2011. (Doc. # 97.) On February 9, 2011, Defendants filed their Bill of Costs pursuant to 28 U.S.C. § 1920 and

FRCP Rule 54(d)(1). (Doc. # 101.) In their Bill of Costs, Defendants request taxable costs in the total amount of $2,868.18. (Id.) Plaintiff objects to Defendants' request, arguing that she has limited financial resources, and that an award of costs would chill future civil rights litigants. (Pl.'s Objection at 3.)

Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Thus, "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). It is incumbent upon the non-prevailing party to demonstrate why costs should be denied. Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted). The Ninth Circuit has approved the following as appropriate reasons for denying costs: "(1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants." Champion Produce, Inc., 342 F.3d at 1022 (quoting Ass'n of Mexican-American Educators v. California, 231 F.3d 572, 592 (9th Cir. 2000)) (ellipses in original, quotation marks omitted).

In this case, the Court finds that Plaintiff has limited financial

4

resources. The Court also finds that the imposition of costs would have a chilling effect on similar persons who may desire to file civil rights actions. There is no dispute that Plaintiff was sexually assaulted by Milsap, who was employed by the United States and the BOP, while she was an inmate at the FDC. Accordingly, this case presents issues of great public importance, and an award of costs "might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all." See Ass'n of Mexican-American Educators, 231 F.3d at 593 (noting that "divesting district courts of discretion to limit or to refuse . . . costs in important, close, but ultimately unsuccessful civil rights cases . . . might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all"). For these reasons, the Court GRANTS Plaintiff's Objection and DENIES the United States' Bill of Costs.

       IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Jane Doe v. United States of America, et al.; CV. NO. 08-00517 BMK; ORDER GRANTING PLAINTIFF'S OBJECTION TO DEFENDANTS' BILL OF COSTS.